# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PETER C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 19-01807-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Peter C. ("Plaintiff") appeals from the final decision of the Social Security Commissioner denying his application for Supplemental Security Income ("SSI").[1] For the reasons set forth below, the Commissioner's decision is affirmed.

## I.
## PROCEDURAL HISTORY

Plaintiff applied for SSI in November 2014, alleging disability beginning on December 1, 2008. See Administrative Record ("AR") 187-96. Plaintiff's

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

application was denied, and Plaintiff had a hearing before an administrative law judge ("ALJ") on September 4, 2017. See AR 41-80.

The ALJ denied his claim in a decision dated January 25, 2018. See AR 15-35. The ALJ found that Plaintiff suffered from the severe impairments of left shoulder impingement, diabetes with neuropathy, depression, and anxiety. AR 21. The ALJ assessed Plaintiff as retaining the residual functional capacity ("RFC") to perform medium work with some additional physical and mental restrictions, including no more than occasional reaching overhead and frequent pushing and pulling with his dominant left arm. See AR 23. Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff could perform jobs existing in the national economy, i.e., laborer-warehouse worker, industrial cleaner, and linen room attendant. See AR 34. The ALJ accordingly concluded that Plaintiff was not disabled. See AR 35.

The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. See AR 1-6. This action followed.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ properly considered the opinions of a non-examining state agency physician and a consultative examiner. See Joint Stipulation (Dkt. 24; "JS") at 4.

## III.
## ANALYSIS

**A.     Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 416.927(c). A treating physician's opinion is generally entitled to more weight than an examining physician's opinion, which is generally entitled to more weight than a

2

nonexamining physician's. See Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014). When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." Carmickle v. Comm'r, SSA, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. (citation omitted). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other factors. See 20 C.F.R. § 416.927(c). The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citations omitted).

**B.** **Background**

Dr. H. Harlan Bleecker, a board-certified orthopedic surgeon, examined Plaintiff on March 30, 2015. See AR 775-79. He noted that Plaintiff had arthroscopic surgery on his left shoulder on April 1, 2014. See AR 775. Dr. Bleecker's findings were fairly normal, except that there was a positive drop sign and positive giving-away sign and limited range of motion for the left shoulder. See AR 777. He diagnosed Plaintiff with, as relevant here, left shoulder rotator cuff syndrome with adhesive capsulitis. See AR 779. He limited Plaintiff to, among other things, no overhead reaching with the left arm, lifting 20 pounds occasionally and 10 pounds frequently, and occasional kneeling, squatting, and climbing. See id.

Dr. Warren Yu, a second board-certified orthopedic surgeon, examined Plaintiff on April 25, 2015. See AR 789-93. Unlike Dr. Bleecker, Dr. Yu found

3

that Plaintiff had full active range of motion of the left shoulder, despite Plaintiff's complaint of anterior shoulder pain with motion and anterior tenderness. See AR 791. Dr. Yu also found no asymmetry, atrophy, or instability in the shoulder, but noted impingement and signs of labral pathology. See id. After reviewing Plaintiff's medical records, Dr. Yu opined that Plaintiff suffered from impingement syndrome with possible labral injury. See AR 792. Dr. Yu stated that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently; push and pull on a frequent basis with his left arm; and had no postural restrictions. See AR 792-93.

After reviewing Plaintiff's medical records, including Dr. Bleecker's and Dr. Yu's opinions, Dr. J. Mitchell, a state agency physician, made a physical RFC assessment on December 22, 2015. See AR 112-14. Dr. Mitchell opined that Plaintiff's left shoulder impairments limited him to occasionally lifting 25 pounds, frequently lifting 20 pounds, and occasional reaching in front, laterally, and overhead. See AR 112-13.

The ALJ gave "little weight" to Dr. Bleecker's opinion for two reasons. First, the ALJ noted that Dr. Yu's objective medical findings contradicted Dr. Bleecker's and were supported by the record, including an October 7, 2015 physical examination performed by Plaintiff's treating orthopedist. See AR 29. The ALJ also noted that Plaintiff had experienced improvement with his left shoulder, as evidenced by the results of that same physical examination. See id. The ALJ also gave "partial weight" to Dr. Mitchell's assessment, because the improvement in Plaintiff's left shoulder allowed Plaintiff to perform medium work. See AR 31.

**C.   Analysis**

Plaintiff argues that the ALJ did not articulate specific and legitimate reasons for rejecting Dr. Bleecker's and Dr. Mitchell's opinions. See JS at 6-11. The Court disagrees.

4

As the ALJ reasoned, Dr. Yu's opinion was more consistent with Plaintiff's overall medical record than Dr. Bleecker's. See AR 28. Dr. Bleecker opined that Plaintiff could do no overhead reaching with the left arm or lift more than 20 pounds. Yet when examined by his treating orthopedist just seven months later in October 2015, Plaintiff's left shoulder presented a normal appearance, only mild tenderness to touch, and a stable joint. See AR 855. Moreover, Plaintiff could touch the top of his head, touch the small of his back, and reach for the sky and the front. See id. Although Plaintiff complained of "some pain" during these motions, he does not challenge the ALJ's finding that his subjective complaints of pain were not entirely credible.[2]

In addition, diagnostic imaging in January 2014 showed a rotator cuff tear and bicep tendinitis. See AR 540. Plaintiff underwent surgery in March 2014 to address these issues, and at an eight-week postoperative follow-up he stated that his pain had significantly improved, as had his range of motion. See AR 610. Subsequent imaging (x-rays and MRIs in 2014 and 2015) found only mild to moderate degenerative changes, including "degenerative" labral tearing, despite Plaintiff's continued complaints of pain. See AR 700-07. These imaging results were more consistent with Dr. Yu's findings. See 20 C.F.R. § 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

In sum, given his objective findings and greater consistency with Plaintiff's medical records, Dr. Yu's opinion was substantial evidence to

---

[2] As the ALJ noted, Plaintiff's therapist asked him to build a fence for her—a project that Plaintiff appears to have accepted but not completed because he had yard work to do. See AR 831 ("We are going to have him build fence for us."), 832 ("Went to buy wood and materials today"), 836 ("Says cannot do fence right now as he has to do yard again"). His therapist also noted that he was afraid "to get real work because he will never get SSI if he does." AR 848.

discount Dr. Bleecker's contrary opinion. See Ford v. Saul, 950 F.3d 1141, 1155 (9th Cir. 2020) ("An ALJ needs less substantial evidence to reject an examining physician's opinion than to reject [a] treating physician's opinion.").

In addition, evidence that Plaintiff's left shoulder had improved gave the ALJ an additional reason to discount both Dr. Bleecker's opinion as well as Dr. Mitchell's RFC assessment.[3] Furthermore, Dr. Yu's assessment—that Plaintiff could frequently lift 25 pounds—was not substantially different from Dr. Mitchell's opinion that Plaintiff could occasionally lift 25 pounds and frequently lift 20 pounds. See SSR 83-10, 1983 WL 31251, at *6 ("Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.").

Finally, it is the ALJ's province to synthesize the medical evidence. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Where, as here, the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Therefore, remand is not warranted.

///
///
///

---

[3] Plaintiff also references the opinion of Dr. Laila Hanna but does not directly challenge the ALJ's assignment of little weight to her opinions. See JS at 9. Such a challenge in any event would fail. Dr. Hanna opined in December 2015 that, among other extreme limitations, Plaintiff was incapable of walking more than one block without rest or severe pain. See AR 800. In September 2016, Plaintiff reported that he walked two miles every night. See AR 864.

## IV.
## CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Dated: March 24, 2020

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge